IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**MARIA E**,
    Plaintiff

Case No. 5:17-cv-98-JMH

Senior Judge Joseph M. Hood

vs.

**EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation,
**EXPERIAN MARKETING, LLC,**
**EXPERIAN MARKETING SOLUTIONS, INC,**
    Defendants

---

**Amended and Supplemental Complaint to Impose Civil Liability under the Fair Credit Reporting Act Seeking Actual and Punitive Damages for Willful and Negligent Violations; Attorneys Fees & Jury Demand**

---

## Introduction

This suit is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. on behalf of Plaintiff consumer, Marie E, against Defendants Experian Information Solutions, Inc., Experian Marketing, LLC. and Experian Marketing Solutions, Inc., who are furnishers of credit information and marketing companies, are alleged to willfully and negligently failed to provide credit information, willfully and negligently failed to conduct a proper investigation, in violation of 15 U.S.C. §1681i, 15 U.S.C. §1681e(b) and 15 U.S.C. §1681g.

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue is proper in this Division since the unlawful conduct is alleged to have taken place occurred primarily in Fayette County, Kentucky.

## Parties

2. This claim is brought pursuant to the Fair Credit Reporting Act [hereinafter the "Act"] against the Defendants listed herein.

3. Plaintiff, Maria E, is a consumer as defined in the Act at 15 U.S.C. § 1681a(c).

4. Defendant, Experian Information Solutions, Inc., [hereinafter "Experian"] is, upon information and belief, a foreign corporation for profit established and licensed under the laws of the state of Ohio with its principal offices in the State of California but which operates and transacts business in Kentucky and other jurisdictions. Among activities Experian engages in are the dissemination, marketing, sale and reporting of credit on consumers.

5. Experian Marketing, LLC. and Experian Marketing Solutions, Inc. are marketing companies. Experian Marketing, LLC and Experian Marketing Solutions, Inc, are Delaware companies whom transact business in Kentucky.

**Allegations**

6.     Plaintiff Maria E (hereafter "Plaintiff") is a fifty three year old veteran. In 1992, Plaintiff was ending her marriage with her husband. It was very important to Plaintiff that she not retain the name of her former husband. Accordingly, Plaintiff went to court and had her name legally changed to Maria E. Plaintiff then updated her Social Security card, driver's license and other documents into her legal name, Maria E.

7.     In 2008, Plaintiff obtained an Experian credit report. She noted that Experian was reporting multiple accounts falsely on her Experian credit report. Among other corrections, she asked Experian to correct the names on her Experian credit report to her legal name, Maria E. She attached supporting documents including her Social Security card, the notarized legal papers where her name was legally changed to Maria E. Her annulment from her former husband Larry Morand and her divorce papers from another former husband, Craig Moore. Also enclosed were her auto registration and a bankruptcy filing containing her legal last name, "E". Finally, she unequivocally told Experian, "I realize it is unusual to have one letter for a last name. However, "E" is my legal last name and should be correctly reflected on my credit report."

8. Because of Plaintiff's concern about identity theft, in her dispute she informed Experian that it was reporting two false Social Security numbers and many false addresses. In addition, she asked that Experian delete many other false accounts being reported about her. She assumed that these issues were corrected by Experian.

9. On or about 2016, the condo Plaintiff was living in was to be sold. She obtained a mortgage broker with Republic to see if she was eligible to purchase a home. The broker could not obtain credit for her. Without a tri-merge credit report, she was unable to obtain financing for a home.

10. During this same period she attempted to obtain an installment loan with Forcht Bank. She was denied a loan because according to Forcht, she "did not exist."

11. During this same period she also attempted to obtain a loan with USAA Savings Bank. Initially, until the other two credit bureaus corrected their credit reports, she was denied that loan.

12. On or about July 2016, Plaintiff disputed to all three credit bureaus, Experian, Trans Union LLC and Equifax Information Services, LLC. In her dispute, she asked that the credit information these companies were reporting be corrected. In bold, she told their Dispute Departments, "**You are reporting inaccurate credit information. My name should report as:**

4

**Maria E   Nothing else!  NO variations are acceptable.  Maria E is not an AKA."**

13. In Plaintiff's dispute, she told Experian she had been denied credit because it was reporting an invalid last name.  She pled with Experian that it was embarrassing and impacting her ability to obtain housing.  With her dispute she attached the official Name Change Order signed by the court showing her actual last name as "E," her Social Security card, her divorce decree, her Certificate of Release from Active Duty from the Military, a letter from the US Department of Veteran's Affairs, communications from the Department of Defense, credit cards, letters from Kentucky's Department of Revenue, denial letters, all showing her last name as "E."

14. On or about July 18, 2016, Plaintiff received Experian's Results of Investigation.  The results stated that Experian refused to update her last name so she could receive a credit report.  The cover letter stated, "Our database does not support the use of a single name or a single initial as a surname."

15. On or about September 25, 2016, Plaintiff disputed again to Experian, pleading that it correct her credit report so that her creditors could access her credit information.  In this second dispute she stated clearly, "YOU ARE REPORTING INACCURATE INFORMATION!  MY NAME IS **Maria E**

NOTHING ELSE! NO VARIATIONS OR PUNCUATION WILL BE ACCEPTED."

16. In her September 25, 2016 dispute, Plaintiff went on to explain what has happened to her as a result of not being able to obtain her credit report. She asked that her letter be provided to someone in authority who could correct this and other errors. She concluded with the statement, "CORRECT MY NAME TO: MARIA E". With her dispute she included the same documents submitted with her July 2016 dispute.

17. On or about October 2016, Plaintiff disputed to the Consumer Financial Protection Bureau ("CFPB"). In her dispute, Plaintiff told the CFPB, "I have been trying since 2008 to get <u>Experian</u> to report my legal last name correctly. It should read: Maria E. Plaintiff's CFPB dispute pointed out that the other credit bureaus were reporting her credit information properly but Experian would not.

18. On or about November 2016, Plaintiff attempted to obtain a loan, as a veteran, with USAA. She was denied because USAA could not access her Experian credit report. She contacted USAA and was told it was unable to access her Experian credit report and they need all three bureaus.

19. On or about December 2016, Plaintiff called Experian to dispute not being able to access her an Experian credit report. She got a dispute

6

operator from India.  The operator kept transferring her from one department to another.  Again and again she was put on long holds. Finally, what sounded to her like a black woman's voice came online and this Experian employee rudely told her, "Do you think you are the only person who has this problem!  Other people call with the same story and Experian does not make an exception.  Let me make clear, we do not send credit reports to people with only one letter as a last name!"  The call was abrupt and unbelievably embarrassing.

20.    On or about January 2017, Plaintiff's broker, on Plaintiff's behalf, contacted Experian on a three way telephone call.  Her broker repeatedly argued with Experian that Plaintiff needed to be able to access her Experian credit report.  Experian refused to make any exception.

21.    Because plaintiff has been unable to get Experian to correct her Experian credit report, she has been left with no alternative but to file this lawsuit.

## Claims for Relief

## (FCRA - 15 U.S.C. § 1681n)

22. Experian willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq. Experian willfully violated the FCRA by:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, and

    c) Failing to provide Plaintiff her credit report, in compliance with 15 U.S.C. §1681g.

23. As a result of Defendant's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

24. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

25. Plaintiff is entitled to actual damages in an amount to be determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

26. Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## SECOND CLAIM FOR RELIEF

### (FCRA - 15 U.S.C. § 1681o)

27. Plaintiff realleges paragraphs 1- 25 as if fully set forth herein.

28. Experian negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq. Experian negligently violated the FCRA by:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i, and

      c)      Failing to provide Plaintiff her credit report, in compliance with 15 U.S.C. §1681g.

29.      As a result of Defendants' violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

30.      Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## Prayer for Relief

WHEREFORE, Plaintiff, Maria E, asks the Court to Order the following relief:

1. On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendants:

    a. Actual damages in an amount to be determined by the jury;

    b. Punitive damages in an amount to be determined by the jury; and,

    c. Statutory damages as determined by the court; and

    d. Attorney fees and costs.

2. On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendants:

    a. Actual damages in an amount to be determined by the jury;

    b. Attorney fees and costs.

  3. On All Claims for Relief, costs and expenses incurred in this action.

          Respectfully submitted by:


          /s/ Steven C. Shane
          Steven C. Shane (Bar #0041124)
          Trial Attorney for Plaintiff
          P.O. Box 73067
          Bellevue, KY 41073
          (859) 431-7800
          (859) 431-3100 facsimile
          shanelaw@fuse.net

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    /s/Steven C. Shane